[728 NYS2d 67]

In the Matter of AIDA KUPERMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 16, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse* Brooklyn (*Robert J. Saltzman* and *Diana J. Szochet* of counsel), for petitioner.

*Richard Supple,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct, all of which she contested. After a hearing, the Special Referee sustained the five charges. The petitioner moves to confirm the Special Referee's report. The respondent opposes the petitioner's motion and contends that, since she has been suspended since March 2000, she should be allowed to resume the practice of law. Based on the evidence adduced at the hearing, we find that Charges Four and Five were properly sustained by the Special Referee.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). In October 1995 the respondent represented Maryam Fayngersh in connection with a personal injury claim. On December 28, 1997, Ms. Fayngersh died. On January 20, 1998, the respondent forwarded to Tri-State Consumer Insurance Company a durable general power of attorney purportedly executed by Ms. Fayngersh on January 14, 1998, which bears the respondent's notary stamp.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). On December 18, 1998, the respondent falsely testified before counsel to the Grievance Committee for the Second and Eleventh Judicial Districts that she did not forward the aforementioned power of attorney to the insurance company.

The petitioner's motion should be granted to the extent that Charges Four and Five are sustained, and denied as to Charges One, Two, and Three.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider her previously unblemished record, her youth and inexperience at the time in question, and that she was struggling to manage a high-volume practice. The respondent also asks the Court to consider the many letters attesting to her good moral character

that were introduced into evidence at the hearing, as well as the fact that she has already been suspended on an interim basis since March 2000.

The respondent has no prior disciplinary history.

The respondent is guilty of conduct that goes to the heart of the judicial system. Her disbarment is, therefore, warranted.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges Four and Five are sustained, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Aida Kuperman, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Aida Kuperman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.