[769 NYS2d 53]

In the Matter of MARK J. NERENBERG (Admitted as MARK JOEL NERENBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 1, 2003

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated October 25, 2002, containing four charges of professional misconduct. After a prehearing conference on January 16, 2003, and hearing on February 28, 2003, the Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report, dismiss the charges, and refer this matter back to the Grievance Committee for whatever action it deems appropriate.

Charge One alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in

violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent represented Patrick J. Dodd in connection with injuries he sustained in an August 1990 automobile accident. In or about 1996, the respondent forwarded to State Farm Insurance Company a general release, dated August 12, 1996, bearing the signature of Patrick J. Dodd. The respondent notarized that general release. At the time the release was purportedly executed before the respondent in Queens, Mr. Dodd was not present.

Charge Two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about August 1996, State Farm forwarded a $15,000 settlement draft to the respondent, payable to "Patrick J. Dodd and Mark Nerenberg, as Attorney." That check, bearing the signature of Patrick J. Dodd, was deposited in the respondent's attorney trust account. In fact, Mr. Dodd never signed the settlement draft.

Charge Three alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]).

In or about 1995, the respondent deposited $19,200 into his attorney trust account, representing a real estate down payment on behalf of the estate of Hannah Feingold. All but $5,200 of the escrowed funds were disbursed following the closing on October 2, 1995. In or about October 1997, the respondent issued a check for $3,418.81 on behalf of John Baaral, a client in a matter unrelated to the Feingold estate. That check cleared against money being held by the respondent in escrow for the Feingold estate.

Charge Four alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of law, with personal or business funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about November 1996, the respondent deposited into his attorney trust account a legal fee paid by or on behalf of a client named Duhon in relation to a commercial matter. At the time, the respondent was holding in his attorney trust account funds entrusted to him as a fiduciary, incident to his practice of

law. The respondent failed to withdraw the $1,000 fee from his attorney trust account until after the Grievance Committee inquired about the deposit in November 1999.

Based on the evidence adduced, the Special Referee properly sustained Charges One, Two, and Four in their entirety and Charge Three to the extent that it alleged violations of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]). The petitioner's motion to confirm is granted to the extent that those charges are sustained. The respondent's cross motion is granted only to the extent that the remaining portion of Charge Three is not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent emphasizes the lack of venality and lack of injury to any client. The respondent notes that his problems occurred when he was experiencing massive staff problems. He has ceased delegating the handling of the escrow account to others. He handles all bank deposits himself and has his wife, a trusted and experienced legal secretary, do all of his bookkeeping. The respondent fully cooperated with the petitioner, has lectured for the New York State Bar Association, and has an excellent reputation among clients and fellow attorneys.

The respondent was the recipient of a personally-delivered admonition on September 8, 1998, for, inter alia, neglect, conflict of interest, improperly affixing the name of a subscribing witness to a will and notarizing the signature, and misrepresenting the status of a legal matter to a client. He received a letter of caution dated June 17, 1998, for failing to satisfy a financial obligation to another attorney.

Under the totality of circumstances, the respondent is suspended for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the motion and cross motion are granted to the extent that Charges One, Two, and Four are sustained in their entirety, and Charge Three is sustained only to the extent that it alleges violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]), and the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent, Mark J. Nerenberg, is suspended from the practice of law for a period of three years, commencing January 2, 2004, and continuing until the further order of this

Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of three years, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark J. Nerenberg, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.