[843 NYS2d 91]

In the Matter of MARK J. NERENBERG (Admitted as MARK JOEL NERENBERG), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Mark J. Nerenberg*, Little Neck, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated May 22, 2006, which contains four charges of professional misconduct against him. After a prehearing conference on September 18, 2006, and a hearing on November 27, 2006, the Special Referee designated to hear the matter sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affidavit in opposition, in which he asks the Court to disaffirm the Special Referee's report and to dismiss all of the charges in their entirety or, in the event charges are sustained, to impose a sanction which does not prevent him from applying for reinstatement to the bar and the continuation of his law career.

Charge one alleges that the respondent engaged in acts constituting the practice of law in violation of an order of this Court which suspended him from practice, and thereby acted in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), Judiciary Law § 90 (2) and § 478, and 22 NYCRR 691.10.

By opinion and order dated December 1, 2003, the respondent was suspended from the practice of law for three years. He was thereby ordered to, inter alia,

"desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way, as an attorney and counselor-at-law" (*Matter of Nerenberg*, 2 AD3d 1, 5 [2003]).

On or about February 6, 2004, the respondent appeared at a real estate closing and represented Sophia Saridakis with respect to the purchase of a home in East Hampton. During the closing, the respondent entered into a written escrow agreement with the seller's attorney in his capacity as attorney for the purchaser.

Charge two alleges that the respondent engaged in acts constituting the practice of law, in violation of the order of this Court which suspended him from practice, and thereby acted in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), Judiciary Law § 90 (2) and § 478, and 22 NYCRR 691.10.

On or about August 25, 2005, the respondent, was contacted by Minerva Ramirez regarding a communication and subsequent subpoena that she received from the office of the District Attorney, New York County. The respondent discussed the matter with Ms. Ramirez but failed to inform her that he was suspended.

Charge three alleges that the respondent failed to comply with the Rules of the Appellate Division, Second Department, governing the conduct of disbarred, suspended, or resigned attorneys, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and 22 NYCRR 691.10.

Pursuant to the order of suspension dated December 1, 2003, the respondent was required to comply with the rules governing the conduct of disbarred, suspended, or resigned attorneys. 22 NYCRR 691.10 (c) mandates that all clients not involved in litigation be informed of the attorney's suspension by registered or certified mail and advised to seek legal advice elsewhere. Respondent failed to send the required letters to his clients.

Charge four alleges that the respondent filed a false and misleading affidavit of compliance with the Court and with the Grievance Committee, in violation of Code of Professional

Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]) and 22 NYCRR 691.10.

Pursuant to the rules governing the conduct of disbarred, suspended, or resigned attorneys, the respondent was required to file an affidavit within 10 days of the effective date of his suspension attesting that he has, inter alia, fully complied with the Court's order and the provisions of 22 NYCRR 691.10.

The respondent's affidavit of compliance dated July 24, 2004, falsely stated the following: "I have fully complied with the provisions of the decision and order dated December 1, 2003 in this matter, as well as with all of the rules contained in § 691.10, including the provisions regarding notice to my clients."

Based on the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider numerous factors in mitigation, including the lack of complaint by or injury to any client, the absence of venal intent, his good faith promise to become involved in pro bono work if reinstated, his extensive lectures for the New York State Bar Association, his expressed remorse, evidence of good character submitted on his behalf, and the absence of profit to him from any of the allegations. The respondent stresses the painful years that he has endured since 1999 responding to disciplinary charges. He points to his emotional suffering and humiliation and the expenditure of time and attorney's fees he has been compelled to endure. The respondent submits that he has endured enough pain and sorrow and requests that the Court not impose any sanction which prevents him from applying for reinstatement and continuing his legal career.

The respondent's disciplinary history consists of his ongoing three-year suspension, imposed by opinion and order of this Court dated December 1, 2003. The charges of the prior disciplinary proceeding were predicated upon conduct involving fraud, deceit, and misrepresentation emanating from the respondent's notarization of a general release not properly executed by the signatory and his deposit of a settlement draft not executed by the payee; his failure to safeguard funds entrusted to him as a fiduciary; and his commingling of funds entrusted to him as a fiduciary with personal or business funds. In addition, the respondent was issued a personally-delivered letter of admonition on September 8, 1998, for neglect, conflict of interest, improperly affixing the name of a subscribing witness to a

will and notarizing the signature, and misrepresenting the status of a legal matter to a client. The respondent received a letter of caution dated June 17, 1998, for failing to satisfy a financial obligation to another attorney.

Notwithstanding the mitigation advanced, the limited nature and duration of his interactions on behalf of Ms. Saridakis and Ms. Ramirez, and the respondent's arguments of substantial compliance with the court rules, the respondent acted in violation of the explicit language of this Court's order suspending him. Whatever his intent may have been, his conduct led both the seller's attorney at the Saridakis closing and Ms. Ramirez to believe that he was a practicing attorney. The respondent did nothing to dispel that belief, and his conduct clearly violated this Court's order of suspension.

By his conduct, the respondent clearly violated this Court's opinion and order suspending him for three years. Under the totality of circumstances, he is suspended from the practice of law for five years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SKELOS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Mark J. Nerenberg, admitted as Mark Joel Nerenberg, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) that he has complied with the applicable continuing education requirements of 22 NYCRR 691.11 (c); and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark J. Nerenberg, admitted as Mark Joel Nerenberg, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of

another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark J. Nerenberg, admitted as Mark Joel Nerenberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).