[863 NYS2d 733]

In the Matter of DAVID GRUEN, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL
DISTRICTS, Petitioner.

Second Department, September 9, 2008

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Longo & D'Apice*, Brooklyn (*Mark A. Longo* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 12, 2000.

The Grievance Committee of the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing seven charges of professional misconduct. After a preliminary conference on April 12, 2007, and a hearing conducted on July 25, 2007 and October 11, 2007, the Special Referee sustained all seven charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent cross-moves to disaffirm in part the Special Referee's report to the extent of dismissing charge one and to limit the discipline imposed to a public censure in the event all charges are sustained.

Charge one alleges that the respondent improperly paid for referral of clients to him, in violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). From 2000 to 2004, the respondent maintained an office for the practice of law at 2516 Avenue W in Brooklyn. Nelson Bloom owned the premises that housed the law office and Bloom's translation business. Bloom allegedly referred clients to the respondent, and the respondent paid Bloom incident to those referrals.

Charge two alleges that the respondent engaged in a pattern and practice of filing improper retainer and closing statements with the Office of Court Administration (hereinafter OCA) that contained false and misleading information, in violation of Code

of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]). Between February 2001 and October 2004 the respondent filed, or caused to be filed, approximately 600 retainer statements with OCA. Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (a) (2) requires an attorney to report the "name, address, occupation and relationship of person referring the client" on line seven of the retainer statement. The respondent only wrote "former client" on line seven of all but approximately 18 of the aforementioned 600 retainer statements. The respondent knew, or should have known, that all the aforementioned referrals were not from former clients. During the same time period, the respondent filed, or caused to be filed, approximately 600 closing statements with OCA. Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (b) (2) requires an attorney to report on line 13 of the closing statement disbursements paid to others for "expert testimony, investigative or other services properly chargeable to the recovery of damages together with the name, address and reason for each payment." The respondent failed to accurately report his actual disbursements on the closing statements and failed to personally sign both the retainer and closing statements as required by Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (a) (1) and (b) (1). Further, the respondent filed closing statements for clients Oleg Sorokin, Rodmond Tallerant, Charan Singh, and Kewal Singh that indicated he paid those clients settlement funds, when he knew, or should have known, that he had not.

Charge three alleges that the respondent engaged in a pattern and practice of misappropriating funds from his clients' personal injury settlements, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). Between February 2001 and October 2004, the respondent was retained in approximately 600 personal injury cases. In each of those 600 cases, the respondent was to receive a one-third contingency fee. Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (e) (3) requires that the attorney's fee be computed on the net sum recovered, after deducting certain expenses and disbursements related to the prosecution of the action. Instead, at least with respect to 93 of those 600 cases where there was a recovery, the respondent computed his fee on the gross settlement. Consequently, the respondent took more than $12,000 from his clients to which he was not entitled.

Charge four alleges that the respondent engaged in a pattern and practice of failing to timely file retainer and closing statements with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Charge five alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]).

Charge six alleges that the respondent improperly commingled personal and/or business funds entrusted to him as a fiduciary incident to the practice of law, by failing to withdraw his legal fees from his attorney escrow account when earned, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge seven alleges that the respondent failed to maintain records and receipts evidencing his disbursements in personal injury cases in which he was retained, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (5), (7) (22 NYCRR 1200.3 [a] [5], [7]).

Based on the evidence adduced at the hearing, including the respondent's admission of pertinent facts, the Special Referee properly sustained all seven charges of professional misconduct. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross motion is denied, except to the extent that it sought to limit the discipline imposed.

In determining the appropriate measure of discipline, the respondent asks the Court to consider as mitigation the following factors or considerations: the respondent has since moved to a new office and extricated himself from his relationship with Mr. Bloom; the respondent has cooperated with the Grievance Committee's investigation; the respondent does not constitute a threat to clients or the public; the respondent denies any willful or intentional wrongdoing; the respondent is remorseful; and the respondent has rectified his billing practices.

The respondent has no prior disciplinary history.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm is denied, except as to the sanction imposed; and it is further

Ordered that the respondent, David Gruen, is publicly censured for his professional misconduct.