[993 NYS2d 717]

In the Matter of ANNA FELDMAN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, September 10, 2014

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Longo & D'Apice*, Brooklyn (*Mark A. Longo* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition, dated January 11, 2013, containing four charges of professional misconduct. Following a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent initially opposed, by affirmation, the Grievance Committee's motion, and submitted that the Special Referee's report should be disaffirmed in its entirety. Subsequently, the respondent asked this Court to consider her affirmation in opposition as a cross motion to disaffirm the Special Referee's report. The Grievance Committee asserted, in opposition, that it had no objection to the respondent's application on procedural grounds. Rather, the Committee submitted that the respondent had no grounds, on the merits, to oppose the findings of the Special Referee, based upon her admissions and the evidence adduced.

Charges one and two emanate from a common set of stipulated facts, as follows:

The respondent is an attorney who, at all relevant times, was licensed in the State of New York. In or about December 2005, Mohammad Gaznabi and his wife, Sonia Nasrin, retained attorney Victor Fama to represent them regarding personal injuries they allegedly sustained in a motor vehicle accident. Fama provided release forms to Gaznabi and Nasrin, which they pre-executed in blank. The pre-executed forms were not dated

or notarized. On or about February 14, 2007, the respondent "essentially took over" Fama's personal injury law practice. On or about March 18, 2007, Gaznabi and Nasrin executed consent to change attorney forms, substituting the respondent as their attorney in place of Fama. In or about December 2007, the respondent negotiated tentative gross settlements of $19,000 each on behalf of Gaznabi and Nasrin. On or about December 5, 2007, Gaznabi appeared at the respondent's office and orally agreed to accept the settlement of his claim, and that of his wife. At or about that time, Gaznabi did not sign a new release. Rather, the respondent directed her employee to use the pre-executed release forms and "just fill [them] in." After the pre-executed release forms were altered to include the settlement information, Gaznabi said "everything is correct," and the respondent's employee "sent [them] out." Nasrin was not present when Gaznabi purportedly accepted the settlement on her behalf. The respondent is not in possession of any writing from Nasrin accepting the settlement purportedly approved by Gaznabi. The respondent is not in possession of any writing from Nasrin ratifying Gaznabi's purported acceptance of the settlement on or about December 5, 2007. The respondent is in possession of no power of attorney, or any other writing, authorizing Gaznabi to accept the settlement on behalf of Nasrin.

The aforementioned releases, pre-executed in blank by Gaznabi and Nasrin, and included in the file maintained by Victor Fama, recite that they were notarized in the Bronx on December 5, 2007. The respondent's office is in Queens. Neither Gaznabi, nor Nasrin, signed their respective release on December 5, 2007 in the Bronx. The releases were sent by the respondent's office to the insurance carrier on or about December 5, 2007, to induce payment by the carrier of the settlements. The releases were represented by the respondent's office as having been "duly executed." The Grievance Committee contends that the releases were not "duly executed."

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d). The stipulated facts are as follows:

On one or more occasions, the respondent failed to timely file retainer and/or closing statements with the Office of Court Administration (hereinafter OCA), as required by 22 NYCRR 691.20 (a) and/or (b).

Charge four alleges that the respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). The stipulated facts are as follows:

On June 19, 2009, the respondent issued check No. 2680 from her attorney escrow account in the sum of $500 to the New York City Department of Finance to pay business taxes. Also on June 19, 2009, the respondent issued check No. 2681 from her attorney escrow account in the sum of $300 as payment to an attorney who made a court appearance on her behalf. The foregoing were operating expenses, which should not have been paid from clients' funds.

Based upon the stipulated facts, the respondent's sworn admissions, and the additional evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's opposition, which is accepted as a cross motion, is denied.

With respect to charges one and two, the respondent testified under oath that when her client Gaznabi was advised of, and allegedly accepted, the settlement of his (and his wife's) personal injury claims on December 5, 2007, he "refused" to execute a "new release." The respondent directed her employee, Farida Jahan, to "fill in" the settlement information on a "preexecuted release," which Gaznabi ostensibly had signed. The release purportedly bearing Gaznabi's signature, which admittedly was sent to the insurance carrier to induce payment of Gaznabi's personal injury claim, clearly states that it was signed on December 5, 2007, by Gaznabi, before a notary public. However, according to the respondent's sworn statement, the foregoing release, which ostensibly was signed by Gaznabi, admittedly was executed prior to December 5, 2007, at the direction of Gaznabi's then-attorney, Victor Fama. As such, the Special Referee properly found that Gaznabi did not "duly execute" the subject release on December 5, 2007, as represented by the letter submitted to the carrier. Similarly, a release

purportedly bearing Nasrin's signature, which admittedly was sent to the insurance carrier to induce payment of Nasrin's personal injury claim, clearly states that it was signed on December 5, 2007 before a notary public. However, according to the respondent's sworn statement, the foregoing release, which ostensibly was signed by Nasrin, was executed prior to December 5, 2007, at the direction of Nasrin's then-attorney, Victor Fama. As such, we find that Nasrin did not "duly execute" the subject release on December 5, 2007, as represented by the letter submitted to the carrier. Under the totality of the circumstances, we find that the submission of the subject releases to the carrier, with the representation that they had been "duly executed," constitutes conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), as well as conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) (see Matter of Bloom, 99 AD3d 69 [2012]; see also Matter of Nerenberg, 2 AD3d 1 [2003]; Matter of Kuperman, 285 AD2d 200 [2001]).

With respect to charge three, an attorney who has been retained in a personal injury matter on a contingency basis is required, within 30 days after the date of the retainer, to file a retainer statement with OCA setting forth specified information about the matter and its retention (see 22 NYCRR 691.20 [a]). Thereafter, within 15 days following settlement, the attorney must file a closing statement with OCA (see 22 NYCRR 691.20 [b] [1]). The parties stipulated that the respondent failed to timely file retainer and/or closing statements with OCA, as required, and copies of 18 untimely retainer and/or closing statements are in evidence. Under the totality of the circumstances, we find that the respondent engaged in conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) (see e.g. Matter of Gruen, 55 AD3d 88 [2008]; see also Matter of Tague, 33 AD3d 233 [2006] [single late closing statement constituted conduct prejudicial to the administration of justice]).

With respect to charge four, the parties stipulated that on June 19, 2009, the respondent improperly issued two checks, totaling $800, from her attorney escrow account, to pay business expenses. Although the respondent restored the funds to

her escrow account within four days, we nonetheless find that the respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a).

In determining an appropriate measure of discipline to impose, we note that the respondent discovered that escrow funds had been disbursed improperly for operating expenses, and replaced the same, within four days, resulting in no monetary loss to any client. Nonetheless, the respondent engaged in multiple acts of professional misconduct as described above. In light of the affidavits of good character submitted by the respondent, and her otherwise unblemished record, the respondent is suspended from the practice of law for a period of six months.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Anna Feldman, is suspended from the practice of law for a period of six months, commencing October 10, 2014, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period, she: (1) refrained from practicing or attempting to practice law; (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4); (4) remained current in her attorney registration pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (c); and (5) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Anna Feldman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anna Feldman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).